Oxford Sporting Goods Mfg. Co., Appellee, v.
Gillman, d. b. a. United Knitwear, Appellant.

(No. 7810—Decided December 7, 1953.)

*Mr. Aubrey M. Foiles,* for appellee.
*Messrs. Weiland, Solinger & D'Angelo,* for appellant.

Matthews, P. J.   This is an action on three contracts whereby plaintiff agreed to manufacture and deliver at specified dates certain wearing apparel, to wit, jackets or sweaters, for which the defendant agreed to pay $42 per dozen.   The total number manufactured, shipped, and accepted, as shown by the petition, was 72 dozen.   An unspecified number were refused by the defendant.   By his amended answer and cross-petition, the defendant alleges that the plaintiff had violated its contract to deliver specified quantities in each of the months of January, February, and March, 1948.   The amended answer and cross-petition contains no express denial, either general or specific, of the allegations of the plaintiff's petition, the pleader apparently relying on inconsistent affirmative allegations to make the issues of fact.

The defendant alleges in his answer and cross-petition that, notwithstanding deliveries were more than two months late, he accepted shipments up to April 6, 1948, when he notified the plaintiff that, owing to the delay in deliveries in spite of repeated demands, he would refuse to accept any shipments after April 10, 1948.

The defendant alleges also that he accepted 111 dozen notwithstanding the delay in deliveries and was able to and did sell 74 dozen to his customers, that he accepted these sweaters and sold them in order to minimize the damage resulting from the delay in making deliveries, that he was unable to sell 37 dozen because of the expiration of the season in which there was a demand for such articles, and that he returned the 30 dozen to the plaintiff.

In his cross-petition, the defendant as to his first cause of action asks damages based on loss of profits resulting from his failure to sell the 67 dozen caused by the delay in making the deliveries. It should be said here that neither the allegations nor the proof was sufficient to bring such loss of profit within the contemplation of the parties at the time these contracts were made as the natural result of delay in delivery. Such profits are generally too remote and are not recoverable. 15 American Jurisprudence, 568, Section 154.

As to defendant's second and third causes of action, he seeks to recover for depreciation in the market value on the unsold sweaters caused by a change of style during the delay. The same objection to accepting this as a measure of damage exists as to loss of profits as a measure. There is no allegation that the plaintiff knew of the imminence of this change of style at the agreed-upon date of delivery. For aught that the record discloses the defendant could have gone into the market at that time and purchased similar sweaters at the same price, or even at a lower price. If the dates of actual deliveries, rather than the contract dates, should be used, then if there is any proof at all applicable it is that the depreciation had already occurred and the defendant accepted delivery knowing of such depreciation and without being obliged to do so.

Under such circumstances, it would certainly not be within the contemplation of the parties that the plaintiff would reimburse the defendant for a loss which he voluntarily assumed.

The trial court, without a jury, found against the defendant on the issues raised by the defendant's cross-petition, found in favor of the plaintiff for the contract price of all sweaters that had not been returned by defendant, and rendered judgment against the defendant for the contract price thereof. That is the judgment from which this appeal was taken.

There is one other contention which we should consider. In cross-examining the president of the plaintiff, it was disclosed that the invoices sent to the defendant and which had been introduced in evidence bore the legend, "Payable to Coleman & Company, factors, to whom this account has been transferred and assigned," and the witness testified that the invoices had been assigned to Coleman & Company. He did not testify that Coleman & Company owned the chose at the time this action was instituted. On redirect examination, he was asked this question about the assignment of the invoices, "Were they or were they not reassigned and charged back to your account?" His answer was, "Yes, Sir." Following this, there was an objection, and a colloquy took place between court and counsel as to whether oral testimony violated the so-called "best evidence rule" (although there was no evidence or suggestion that any written reassignment had been made), and this was finally followed by a tender that "the account was reassigned to the plaintiff." Whereupon the court sustained the objection, but did not order the witness's answer stricken from the record, and rendered judgment for the plaintiff, as hereinbefore mentioned, thereby holding that the title to the cause of action was in the plaintiff.

By failing to place in issue the plaintiff's right to sue, by either a general or special denial, the defendant admitted the plaintiff's ownership of the chose in action based on the transaction between them alleged in the petition. It was not an issue and plaintiff was not required to offer any evidence in proof thereof. The contracts having been made with the plaintiff, it thereupon became the owner of the chose, and its continued ownership was presumed.

In 20 American Jurisprudence, 233, Section 237, it is stated that, "in the absence of proof to the contrary, ownership of personal property is presumed to continue unless a transfer by word or act is shown." See, also, 17 Ohio Jurisprudence, 94, Section 75.

Furthermore, the fact that the chose had been assigned at an unidentified time did not necessarily disprove plaintiff's implied allegation and defendant's implied admission, by failure to deny it, that the plaintiff owned the chose at the time of instituting the action.

By rendering judgment for the plaintiff, the court found that it was the owner of the cause of action upon which the judgment was based. This court would not be justified in disturbing its conclusion.

We find no prejudicial error in the record.

For these reasons, ɩne judgment is affirmed.

*Judgment affirmed.*

Ross and HILDEBRANT, JJ., concur.